IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DINH,

        Plaintiff,                        No. CIV S-06-1173 GEB GGH P

    vs.

HIGH DESERT STATE PRISON, et al,

        Defendants.              ORDER

_____/

        Plaintiff, a state prisoner at High Desert State Prison, alleges, in the form of a letter, directed to the Clerk of the Court that he has been beaten by two inmates. He claims that he has had back and leg pain, apparently, but not clearly, unrelated to the alleged attack, and that he has been told that he should not carry "heavy stuffs," but that a "C/O Weeks" made him carry 25 pounds of property. He further claims that, on April 12, 2006, Weeks pushed his head to the ground when plaintiff dropped the bag of property and then stabbed him in his left hand with a key. Plaintiff claims that Weeks tried to kill him and then had him placed in administrative segregation, stating falsely that plaintiff had kicked him.

        Although plaintiff has stated allegations that appear colorable under the Eighth Amendment against C/O Weeks, in order to commence an action, plaintiff must file a complaint as required by Rule 3 of the Federal Rules of Civil Procedure, and must either pay the required

\\\\\

1

filing fee or file an application requesting leave to proceed in forma pauperis.[1]  See 28 U.S.C. §§ 1914(a), 1915(a).

Fed. R. Civ. P 8 sets forth general rules of pleading in the federal courts. Complaints are required to set a forth (1) the grounds upon which the court's jurisdiction rests, (2) a short and plain statement of the claim showing entitlement to relief; and (3) a demand for the relief plaintiff seeks.  All that is required are sufficient allegations to put defendants fairly on notice of the claims against them.  See Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 102, 2 L. Ed. 2d 80 (1957);  5 C. Wright & A. Miller, Federal Practice and Procedure § 1202 (2d ed. 1990).  Rule 8 requires "sufficient allegations to put defendants fairly on notice of the claims against them." McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991)).  Accord Richmond v. Nationwide Cassel L.P., 52 F.3d 640, 645 (7th Cir. 1995) (amended complaint with vague and scanty allegations fails to satisfy the notice requirement of  Rule 8.)

Plaintiff will be provided the opportunity to file his complaint to the court, not a letter directed to the Clerk, wherein he includes the form of relief he is seeking, and specifically names the individuals against whom he is making his allegations as defendant(s).  He must also submit an application requesting leave to proceed in forma pauperis or the appropriate filing fee. Plaintiff's misdirected request for appointment of counsel cannot be considered until plaintiff has properly commenced an action.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's May 26, 2006, request for appointment of counsel is denied;

2. Plaintiff is granted thirty days from the date of service of this order to file a complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the complaint must bear the docket number assigned this case; plaintiff must file an original and two copies of the complaint.  Plaintiff shall also

---

[1] If leave to file in forma pauperis is granted, plaintiff will still be required to pay the filing fee but will be allowed to pay it in installments.

1 submit, within thirty days from the date of this order, the application to proceed in forma
2 pauperis on the form provided by the Clerk of Court, or the filing fee in the amount of $350.00.
3 Plaintiff's failure to comply with this order will result in a recommendation that this matter be
4 dismissed; and
5     3. The Clerk of the Court is directed to send plaintiff the court's form for filing a
6 civil rights action, and the application to proceed in forma pauperis by a prisoner.
7 DATED: 10/25/06

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009/bb
dinh1173.noc